SCANNED at LSP and Emailed
1-30-14 by 56 . 36 pages
date      initials   No.

A COMPLAINT UNDER THE CIVIL RIGHTS ACT
42 U.S.C. § 1983

RECEIVED

JAN 30 2014

Legal Programs Department

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JASON HACKER                                    #383727
(Enter the full name of each                    Inmate (DOC Number)
Plaintiff in this action.)

VERSUS

N. BURL CAIN, WARDEN;
DR. RAHM SINGH, DPS&C MEDICAL DIRECTOR;
ASSISTANT WARDEN STEPHANIE LAMARTINIERE;
JASON COLLINS, M.D.
(Print the full name of all defendants in this action)
DO NOT WRITE *et al*

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.

All copies of the complaint must be identical to the original.

The names of all parties must be listed in the caption and in part III of the complaint exactly the same.

In order for this complaint to be filed, it must be accompanied by the filing fee of $450.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account until the entire filing fee is paid.

You will note that you are required to give facts.  THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.  ALSO, <u>DO NOT INCLUDE EXHIBITS</u>.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La  70801-1712.

1.     Previous Lawsuits

       A.     Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No ( X )

       B.     If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

       1.     Parties to this previous lawsuit

              Plaintiff(s): _____

              Defendant(s): _____
              _____

       2.     Court (if federal court, name the district; if state court, name the parish): _____
              _____

       3.     Docket number: _____

       4.     Name of judge to whom case was assigned: _____
              _____

       5.     Disposition (for example: Was the case dismissed? Was it appealed?  Is it still pending?): _____
              _____
              _____

       6.     Date of filing lawsuit: _____
       7.     Date of disposition: _____

       C.     Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted? Yes ( ) No ( X ) If your answer is yes, list the civil action numbers and the disposition of each case.  You must identify in which federal district or appellate court the action was brought.
       _____

II.     Place of present confinement: <u>LOUISIANA STATE PENITENTIARY</u> _____

A.    Is there a prisoner grievance procedure in this institution?
      Yes ( X ) No ( )

B.    Did you present the facts relating to your complaint in the state prisoner grievance procedure?
      Yes ( X ) No ( )

C.    If your answer is YES:

1.    Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. **LSP-2013-2554**

2.    What steps did you take? **Both Steps Exhausted**

3.    What was the result? **Relief Denied**

D.    If    your    answer    is    NO,    explain    why    not:

III.  Parties

      (In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A.    Name of plaintiff(s) JASON HACKER
      Address OAK-4  LOUISIANA STATE PENITENTIARY  ANGOLA, LA 70712
      In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B.    Defendant N. BURL CAIN is employed as Warden

      at the Louisiana State Penitentiary at Angola, Louisiana

C.    Additional Defendants DR. RAHM SINGH is employed as Medical Director

      at the Louisiana Department of Public Safety & Corrections

D.    Defendant STEPHANIE LAMARTINIERE is employed as Asst. Warden

      at the Louisiana State Penitentiary at Angola, Louisiana

E.    Defendant JASON COLLINS, M.D. is employed as Medical Director

      at the Louisiana State Penitentiary at Angola, Louisiana

IV.    Statement of Claim

State here as briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places.  **<u>Do not give any legal arguments or cite any cases or statutes.</u>**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need.  Attach extra sheets if necessary.)

<u>Plaintiff is being denied adequate medical care. Plaintiff avers that the Defendants have been deliberately indifferent to his serious medical needs resulting in unnecessary pain and suffering and loss of sight in violation of the Eighth Amendment.  **See Attached Memorandum in Support.**</u>

V.    Relief

<u>State briefly exactly what you want the court to do for you.</u>  Make no legal arguments. Cite no cases or statutes.  Attach no exhibits. _____

<u>Plaintiff seeks Declaratory and Injunctive relief and requests monetary damages for the pain, suffering, and loss of sight caused as a result of the deliberate indifference to his serious medical needs.</u>

VI.    Plaintiff's Declaration

1.       I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2.       I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3.       I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 24 day of JAN , 2014

_____
Signature of Plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

Executed On: 1-28-14

_____
Signature of Plaintiff(s)

IN THE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JURY TRIAL DEMANDED

JASON HACKER #383727                                    CIVIL ACTION
            *Plaintiff*
                                                        NO. _____

- Versus -

N. BURL CAIN, WARDEN;
DR. RAHM SINGH, DPS&C MEDICAL DIRECTOR;
ASSISTANT WARDEN STEPHANIE LAMARTINIERE;
JASON COLLINS, M.D.
            *Defendants*                        JUDGE _____
                                                MAGISTRATE _____

FILED: _____        _____
                                                CLERK OF COURT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CIVIL RIGHTS COMPLAINT WITH JURY DEMAND UNDER 42 U.S.C. § 1983
FOR MONETARY DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This is a civil rights action filed by **JASON HACKER #383727**, a state prisoner, for

monetary damages, declaratory and injunctive relief pursuant to 42 U.S.C. § 1983,

alleging deliberate indifference to his serious medical needs in violation of the Eighth

Amendment to the United States Constitution. Plaintiff requests a trial by jury.

### JURISDICTION

1.      This Court has jurisdiction over Plaintiff's claims of violating Federal

Constitutional rights under 28 U.S.C. §§ 1331 and 1343.

1

2.    The Court has supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. § 1367.

## INTERESTED PARTIES

3.    Plaintiff, **JASON HACKER**, is a state prisoner who is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana (LSP).

4.    **Defendant Rahm Singh, M.D.**, is the final and controlling medical authority for the Department. He is personally responsible for assuring **access to, and delivery of medical care** to prisoners at all Department institutions. He has the same responsibilities as that of the Medical Director at the Louisiana State Penitentiary, however, his duties and authority extends Department wide. Plaintiff submits that Defendant Singh was aware, or **should have been aware** of the numerous grievances and suits filed by other Offenders pertinent to inadequate medical care and/or unconstitutional conditions, and he took no steps to abate the inadequate and/or unconstitutional care being provided. Plaintiff submits that Dr. Singh has knowingly precluded access and delivery of needed medical care and surgery based upon lack of funds and cost. **Defendant Singh is sued in his official capacity for purpose of declaratory and injunctive relief.**

5.    **Nathan Burl Cain** is the Warden over the Louisiana State Penitentiary and also serves as a Regional Warden. Defendant Cain is responsible for assuring **access to, and delivery of adequate medical care** to prisoners at the Louisiana State Penitentiary. Defendant Cain interprets and implements policy as well as new and revised policy.

2

Warden Cain meets periodically with the Assistant Warden of Medical Services and the Medical Director pertinent to providing medical care. All grievances are originally directed to the Warden's Office for review and then forwarded to appropriate Department Heads for response. Plaintiff submits that Defendant Cain was aware, or **should have been aware** of the numerous grievances and suits filed by other Offenders pertinent to inadequate medical care and/or unconstitutional conditions, and he took no steps to abate the inadequate and/or unconstitutional care being provided. The failure to take steps to abate the inadequate and/or unconstitutional medical care being provided evinces deliberate indifference to the serious medical needs of Plaintiff and others. Combined, Defendant Cain has personal involvement sufficient for purposes of 42 U.S.C. § 1983. **Defendant Cain is sued in his official capacity for purpose of declaratory and injunctive relief**.

6.    Defendant **Stephanie Lamartiniere** is Assistant Warden over Medical Services at the Louisiana State Penitentiary. Defendant **Lamartiniere** recently assumed the position and duties of Assistant Warden of the Treatment Center and held this position during much of the time involving the instant complaint.

Assistant Wardens of the Treatment Center **interpret and implement all existing policy as well as new and revised policy**. Plaintiff submits that the position of Assistant Warden over the Treatment Center requires supervision of the entire Medical Services Department. Plaintiff submits that the responsibilities of this position include amongst others, to: (1) direct and coordinate all activities of all departments within the treatment

3

center to ensure federal and state laws, regulations, professional standards, and institutional goals are followed; (2) conduct periodic inspections to ensure maximum efficiency and effectiveness, which includes review of performance reports completed by supervisors and counseling on rule infractions; (3) interpret and implement all existing policy as well as new and revised policy; (4) respond to Requests for Administrative Remedy submitted by Offenders regarding medical complaints; and (5) investigate matters of medical and treatment nature. Obviously, **the above duties are not being performed.** The actions and/or inactions of Defendant Lamartiniere far from meets professional standards and violates both federal and state law.

Plaintiff further submits that Defendant Lamartiniere does not possess the medical qualifications to work in this position. Plaintiff submits that Defendant Lamartiniere is not a physician, a nurse, or even an EMT. In spite of the above, Defendant Lamartiniere was appointed and assumed these responsibilities.

Assistant Warden Lamartiniere responded to Plaintiff's Request for Administrative Remedy alleging deliberate indifference. Therefore, she was aware of Plaintiff's grievance and aware of the plethora of repeated grievances and/or suits filed by other offenders pertinent to inadequate medical care and/or unconstitutional conditions. However, Assistant Warden Lamartiniere took no steps to abate the inadequate care and/or unconstitutional conditions provided. Assistant Warden Lamartiniere disregarded the risk of harm to Plaintiff's health and other offenders by **failing to take reasonable measures to abate the risk of harm** indicating deliberate indifference. **Defendant**

4

Lamartiniere is sued in her individual and official capacities.

7.    Jason Collins, M.D., is the Medical Director at the R. E. Barrow Treatment Center at the Louisiana State Penitentiary and superseded Dr. Jonathan Roundtree. As Medical Director, Dr. Collins is responsible for ensuring that inmates receive reasonable and adequate medical care, including but not limited to diagnosis, prescribing medication, and assuring that outside treatment and/or surgery is scheduled and received in a timely manner when indicated. Dr. Collins is also responsible for supervising the other physicians and EMT's to assure they are providing proper care and treatment.

Dr. Collins is personally involved in treating patients and supervises the other physicians rendering treatment. Dr. Collins is aware of the facts presented herein. Plaintiff submits that Dr. Collins was and is aware that Plaintiff suffers from pain and burning in his eyes, loss of sight causing disruption of and inability to perform daily living activities. Dr. Collins is aware that many offenders are suffering from lack of needed medical care, and aware that Plaintiff and others, are being informed that needed care or surgery will not be performed due to lack of funds. Dr. Collins failed to assure that necessary care or surgery is provided to abate the unnecessary pain and suffering and/or assure that other treating physicians provided adequate care for same, including the necessity for surgery. This violates the Constitutionally guaranteed right to reasonable medical care and right to be free from cruel and unusual treatment and evinces deliberate indifference to the serious medical needs of Plaintiff and others. Dr. Collins is sued in his individual and official capacities.

5

8.    Plaintiff submits that all of the Defendants have failed to provide adequate medical care and failed to correct the unconstitutional deficiencies in access to and delivery of medical care in violation of the Eighth Amendment.  Plaintiff reserves the right to amend the complaint and add or delete Defendants if necessary.  All Defendants have acted, and continue to act, under color of State law at all times relevant to this complaint.

## STATEMENT OF THE CASE

Plaintiff filed Request for Administrative Remedy in this matter as a result of systemic deficiencies and deliberate indifference to his serious medical needs. The Request for Administrative Remedy in this matter was accepted and assigned **LSP-2013-2554**. The Department denied relief at the First Step. Plaintiff was not satisfied with the First Step Response and timely requested review at the Second Step. The Second Step was denied on **11/27/13**. Plaintiff avers that he has exhausted both steps in the process prior to filing the instant complaint.  **(See attached Exhibit)**

## STATEMENT OF FACTS

For the past two years Plaintiff has suffered continuous loss of sight due to "Cataracts."  Beginning at the end of 2011, and through the year 2012, Plaintiff was sent to outside eye specialist at the "Pennington Research Center" in Baton Rouge, Louisiana. After four trips, the eye specialist informed Plaintiff that he suffered from "severe cataracts in both eyes."

In January 2013, Plaintiff again visited the eye doctor at the Louisiana State

6

Penitentiary (LSP). During that visit, Plaintiff complained that he could not see and that his right eye was failing at what seemed like an even greater rate than when first seen. At this, the eye doctor agreed. During that same visit, the eye doctor again scheduled Plaintiff to visit an eye specialist—this time with "Charity Hospital" in New Orleans, Louisiana.

On or about April 3, 2013, an eye specialist at Charity Hospital verified the fact that Plaintiff suffered from a severe case of "cataracts." The specialist assured Plaintiff that he would inform the Medical Director at LSP of his need for "immediate cataract surgery in both eyes." The specialist said he would include the fact that Plaintiff's cataract condition was the reason for him going blind and that surgery would "correct and restore" his vision.

On or about May 6, 2013, while at work in a "field line," Plaintiff was expected to perform "regular duty," i.e., perform like the rest of the workers—as if nothing were wrong with his sight. Plaintiff declared himself a medical emergency. At that time, Plaintiff explained to the EMT that he could only see six to eight feet in his left eye, and that he practically had no sight in his right eye. Additionally, Plaintiff explained to the EMT that, as he understood the specialist at Charity Hospital, he was supposed to receive eye surgery. While speaking with the EMT, Plaintiff complained that, after his visit with the eye specialist, he was not issued a duty status for his medical condition.

On or about May 16, 2013, Plaintiff again declared himself a medical emergency because of pain and burning in his eyes, his inability to see, and his inability to perform

7

his work detail as would someone without a disability. Plaintiff again was issued a three day duty status. Plaintiff was again informed that his concern would be referred to the LSP eye doctor. For the second time, Plaintiff asked: "If awaiting eye surgery, why have I not received a standard duty status as a result of my failing sight."

On or about June 5, 2013, Plaintiff was finally seen by the LSP eye doctor. Plaintiff was given another examination wherein the doctor quickly determined that he was "legally blind." The eye doctor further explained that due to lack of funds, he would not receive the surgery, and according to the LSP Medical Director, the only way he would receive the eye surgery is if he was "bleeding from the eyes" or it was a life or death situation. Plaintiff explained to the eye doctor that his condition was an emergency to no avail. The LSP eye doctor informed Plaintiff that if he did not get the needed surgery, he would end up completely blind. It was made clear that without the needed surgery his medical condition would worsen and result in a lifelong handicap with permanent loss of sight.

On August 21, 2013, Plaintiff again visited the LSP eye doctor. During that visit, Plaintiff was again informed that he would not receive the surgery as a result of cost/lack of funds, and that it was not a life or death situation.

Plaintiff now suffers continued pain, both physical and mental. Plaintiff submits that as a result of the intentional inordinate delays, and knowing denial of needed medical care, he has become legally blind. Also, the failure of Defendants Singh, Cain, and Lamartiniere, to remedy ongoing constitutional violations of which they were aware,

8

amounts to deliberate indifference.

This is not a matter of Plaintiff disagreeing with diagnosis as diagnosis was provided. This is not a disagreement with treatment because no treatment is being provided.

The Defendants have been aware, or should have been aware for extended period of time that Plaintiff is suffering with pain and burning in his eyes, and that this is severely affecting Plaintiff performing daily activities. They are all also aware that Plaintiff is not the only offender being subjected to inordinate delay and denial of needed medical care or surgery. This is not a single incident and the denial of care and surgery is a blanket policy denying inmates needed care or surgery.

Plaintiff submits that the Defendants knowing and intentional denial of needed medical care or surgery based upon cost/lack of funds violates the Eighth Amendment and amounts to deliberate indifference to his serious medical needs.

CLAIM ONE

**THE DEFENDANTS WERE DELIBERATELY INDIFFERENT TO
PLAINTIFF'S SERIOUS MEDICAL NEEDS IN
VIOLATION OF THE EIGHTH AMENDMENT**

**LAW AND ARGUMENT**

### *Adequate care and deliberate indifference*

As stated above, Plaintiff is suffering with pain and burning in both eyes, and has been diagnosed as legally blind. Plaintiff was seen by LSP eye doctor and outside specialist, and informed that surgery was necessary and could be done, however, it would

9

not be performed due to cost/lack of funds. Plaintiff continued to seek medical treatment because the condition worsened. The loss of sight, chronic pain and burning in his eyes presents an objectively serious condition and is precluding daily living activities. **Grieveson v. Anderson**, 538 F.3d 763, 779 (7th Cir. 2008); **Chapman v. Peters,** 111 F.3d 1364, 1373 (7th Cir. 1997). The Medical Director and physicians have substantially departed from professional judgment by refusing to authorize surgical repair of his painful and debilitating eye condition. See **McGowan v. Hulick**, 612 F.3d 636, 640 (7th Cir. 2010). Plaintiff's repeated complaints of pain and loss of sight have been ignored. Plaintiff and others are being denied needed medical care and surgery based upon cost and lack of funds without regard for the Offender's health and well being which constitutes deliberate indifference to serious medical needs.

The practice described herein started with Dr. Raman Singh[1] and the practice continued with Dr. Jonathan Roundtree. (Both former Medical Directors at LSP). Plaintiff submits that Dr. Raman Singh and Dr. Roundtree (former medical directors) established a custom, of providing "only" minimal care which is deliberate indifference. This practice was so consistent and widespread that it became policy. **Dr. Collins, who is now Medical Director, has continued the same practices**. The Medical Director assures that his subordinates, i.e., other treating physicians, nurses, and EMT's adhere to this practice resulting in the blanket denial of needed medical care and surgery. The consistent use of this practice over years, and it's continued use, is sufficient to establish that it has become

---

1   Dr. Raman Singh is now Medical Director for the Louisiana Department of Public Safety and Corrections.

policy. This unwritten policy reduces needed medical care to Offenders and needed surgeries, and this policy is based upon cost. The denial of care is knowing and intentional without regard for the health and well being of the inmates. Plaintiff avers that the cost based decisions regarding needed care and/or surgery have been ongoing for years and establish a pattern. Plaintiff submits that the Defendants were deliberately indifferent to his serious medical needs and that of others.

Plaintiff further submits that the Defendants have established a practice of noting in an offender's respective medical file that he has been seen, follow up has been scheduled, prescriptions renewed, or even that surgery has been scheduled in order to indicate that adequate medical care has been provided. Plaintiff avers this to be a blatant cover up because in fact, no care or surgery is being provided. The fact that Plaintiff saw a doctor does not foreclose his claims. Later, when responding to ARP and/or subsequent suit, just as done in the instant case, the Defendants have a record **"falsely indicating"** adequate medical care was being provided when in fact, the needed care is not provided. **The fact that an Offender is seen by a physician at the Clinic amounts to just that.** The Offender is seen, his complaint heard, and nothing is done to resolve the medical problem. The promise of surgery being scheduled is nothing more than a put off. This practice is designed to mitigate liability, but most of all it is to cut costs without regard for the health and well being of the Offender. Within the last year, Plaintiff's medical problems have now become worse. The Defendants are bluntly informing Plaintiff and others that due to **cost and lack of funds** surgery won't be performed unless considered

11

life threatening, and prescriptions are being cut to a minimum. Plaintiff submits that classification of surgery as "elective" does not abrogate a prison's duty or power under the Eighth Amendment to promptly provide necessary medical care for prisoners. **Baker v. Wilkinson**, 635 F.Supp.2d 514 (W.D. La. 2009).

The Defendants are aware of Plaintiff's grievance and the plethora of other grievances and suits previously filed. Moreover, Plaintiff is aware of numerous complaints pursuant to 42 U.S.C. § 1983 presently pending in this Honorable Court assigned to the Honorable Magistrates Riedlinger and Bourgeois, and other offenders preparing to file additional complaints.[2] The actions and/or inactions of the Defendants are contrary to clearly established law. Plaintiff submits that there are serious systemic deficiencies in the access to and delivery of needed medical care and the knowing and intentional failure to take reasonable measures to abate the constitutional violations amounts to deliberate indifference.

Plaintiff submits that the Defendants have failed to remedy ongoing violations of which they were aware or should have been aware due to the numerous ARP's and/or suits previously filed. The actions and/or inactions of the Defendants go beyond being arbitrary, capricious, or negligent. Plaintiff submits that the actions and/or inactions were deliberate and that there is a pattern of this type treatment. The test of whether

---

2       FRANCIS BRAUNER #405665/No. 12-314-BAJ-SCR); SHON D. MILLER #427562/No. 12-0730-FJP-SCR); WAYNE FRITZ #96177/No. 13-556-BAJ-SCR; KENNETH LESLEY #422270/No. 13-490-JJB-SCR; EDWARD GIOVANNI/NO. 13-0566-BAJ-RLB; HYMEL VARNADO #333068/No. 13-0348-BAJ-SCR; BERNARD DELCARPIO #119047/No. 13-0273-SDD-RLB; LEWIS BROWN #73428/No. 11-0103-JJB-SCR; LARRY ROBERTSON #250866/No. 13-00171-SDD-RLB.

governmental action is arbitrary and capricious is whether the action is reasonable under the circumstances. **Clark v. City of Shreveport**, App. 2 cir. 1995, 655 So.2d 617, 26, 638 (La. App. 2 Cir. 5/10/95). The actions described herein go beyond reasonable. Plaintiff submits that there has been repeated deliberate inordinate delay in providing needed medical care and surgery to himself and other offenders at the Louisiana State Penitentiary resulting in needless pain and suffering.

The Supreme Court of the United States has recognized that the Eighth Amendment establishes a State's obligation to provide medical care for those whom it has incarcerated. Deliberate indifference to a prisoner's serious medical illness or injury states a cause of action under § 1983. **Estelle v. Gamble**, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). Deliberate indifference describes a state of mind more blameworthy than negligence and there must be "more than ordinary lack of due care for the prisoner's interests or safety." **Farmer v. Brennan**, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In **Estelle v. Gamble**, the Court defined the standard for Eighth Amendment review of prisoner's complaints concerning their medical treatment. To state a cognizable claim the Court said "A prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. 429 U.S. at 106, 97 S.Ct. at 292. The required indifference could be manifested, it said "by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. 429 U.S. At 104-105, 97 S.Ct. at 291.

Under Eighth Amendment proscription against unnecessary and wanton infliction of pain by deliberate indifference to "serious medical needs" of prisoners, medical need is serious if it is one that has been diagnosed by physician as mandating treatment or one that is so obvious that even a lay person would easily recognize necessity for doctor's attention. **U.S.C.A. Const. Amend. 8.** Plaintiff submits that his condition would be obvious to a layman. A more general definition of serious medical needs refers to "conditions that cause pain, discomfort, or threat to good health." See **Estelle v. Gamble**, 429 U.S. 97, 104, 97 S.Ct. 285 (1976); **McGuckin v. Smith**, 974 F.2d at 1060. Plaintiff avers that even a layman would not have questioned the pain he is enduring.

Plaintiff must not only show that Defendant was callously indifferent to his medical needs, but that those needs were serious, and that failure to treat them resulted in personal injury. It is necessary to show either denial or unreasonably delayed access to physician for diagnosis or treatment of discomfort-causing ailment, or failure to provide prescribed treatment. **Plaintiff submits he has done so**.

In the case sub judice, Plaintiff shows denial, unnecessary and/or intentional delay, and that failure to provide adequate medical care and treatment for his serious needs resulted in needless pain, suffering, and injury. The actions and/or inactions of the Defendants also pose a serious threat of harm to Plaintiff's future health. As a result of the above described actions and/or inactions, Plaintiff suffers severe pain, both physical and mental amounting to **cruel and unusual punishment.**

As a practical matter, 'deliberate indifference' can be evidenced by 'repeated

14

examples of negligent acts which disclose a pattern of conduct by the prison medical staffs or it can be demonstrated by 'proving there are such systemic and gross deficiencies in staffing, facilities, equipment or procedures that the inmate population is effectively denied access to adequate medical care.' **Ramos v. Lamm**, 639 F.2d 559, 575(10th Cir.1980) (citation omitted), cert. denied, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981). See also **Todaro v. Ward**, 565 F.2d 48, 52 (2d Cir.1977). Plaintiff submits that there are such deficiencies, and the failure of Dr. R. Singh, Warden Cain and/or Assistant Warden Lamartiniere to assure that policies already in place were being enforced, and take the necessary steps to abate the unconstitutional conditions, this results in needless pain and suffering in violation of the Eighth Amendment. In the instant case, Plaintiff avers that the actions and/or inactions of the Defendants is not negligence or even gross negligence. The actions and/or inactions of the Defendants were and are deliberate and there is a pattern of this type treatment. Plaintiff is not the only inmate to endure these conditions. The Defendants were aware of his condition, its severity, the pain it causes, and they disregarded the need for treatment without regard for Plaintiff's health and well being. Under such conditions, unnecessary suffering is inevitable.

Plaintiff submits that he is entitled to damages, and that declaratory and injunctive relief are necessary to preclude the defendants from continuing these unconstitutional actions and assure that he and others receive adequate medical care in the future.

It is well established that a finding of deliberate indifference requires a finding of a

15

defendant's **<u>subjective awareness</u>** of the relevant risk. **Farmer v. Brennan,** 511 U.S. 825, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

An Inmate alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment must prove objectively that he was exposed to a substantial risk of serious harm and must show that the Defendants acted or failed to act with deliberate indifference to that risk. **Plaintiff submits he has done so**. The deliberate indifference standard which must be shown by the Inmate alleging that officials violated his Eighth Amendment right to adequate medical care is a subjective inquiry. The Inmate must establish that the officials were actually aware of the risk to which he was exposed, yet consciously disregarded it. **Plaintiff submits he has done so**.

### *Access and Delivery of Medical Care*

Plaintiff submits that the inadequate medical care described is common at the Louisiana State Penitentiary and establishes a pattern. Plaintiff submits that inordinate delays in receiving needed care, in seeing outside specialists, being denied needed surgery or canceling scheduled surgeries without regard for an inmate's health and well being is well known by inmates at LSP. Plaintiff submits that there are now over forty (40) inmates suffering from hernias, and a plethora of offenders suffering with serious medical needs who are not receiving adequate medical care or needed surgery. Many offenders have serious medical problems and are being systematically turned away from any semblance of reasonable medical care responsive to their needs. Offenders are attending sick call for serious medical needs such as injury to tendons, severe arthritis,

back injuries, severe pneumonia, flu, staph infection, stomach virus, hernia, etc., and the EMT's systematically send Offenders back to their dormitories informing them that they will see a doctor at appointment in the near future  Offenders are presenting themselves as a self declared emergency with serious medical needs, only to be sent back down the walk to their dormitories without care, without receiving examination by a physician, the slightest diagnostic testing, or any medical treatment. **Plaintiff will provide witnesses at trial to support his allegations.**

Many offenders have medical conditions requiring surgery, and surgery is not being provided. Physicians are routinely informing inmates that surgery will not be provided unless life threatening due to **cost** and **lack of funds**.  The Department feels that a prisoner should expect to suffer a lifetime handicap as long as the medical problem underlying the reason for surgery does not **immediately threaten his life**. Petitioner submits that his eyes are a good example of the inadequate care being provided. Plaintiff submits that an offender will not receive surgery unless in an **emergency** situation. That literally means life or death situation. This results in needless pain and suffering and will result in further injury, permanent lifetime handicap, or worse, even death! Again, the classification of surgery as "elective" does not abrogate a prison's duty or power under the Eighth Amendment to promptly provide necessary medical care for prisoners. **Baker v. Wilkinson**, 635 F.Supp.2d 514 (W.D. La. 2009).

Even if the Defendants submit that the reason for lack of adequate care for serious medical needs was due to balancing their budget or absence of funding from the

17

legislature, lack of funding **is not a defense to Eighth Amendment violations**. U.S. Const. Amend. 8. **Casey v. Lewis**, 834 F.Supp. 1477, 1546 (D. Ariz. 1993); **Hoptowit v. Ray**, 682 F.2d at 1253. In **Newman v. State of Ala.**, 559 F.2d 283 (C.A. 5(Ala.) 1977, the United States Fifth Circuit noted; "it should not need repeating that compliance with constitutional standards may not be frustrated by legislative inaction or failure to provide the necessary funds." See also, **Hamilton v. Love**, 328 F.Supp. 1182 at 1194, E.D. Ark. (1971), "inadequate resources can never be an adequate justification for depriving any person of his constitutional rights."

Plaintiff submits that the actions and/or inactions described herein are not inadvertent mistakes or oversight. As stated, this practice has been used for extended period of time and it has become policy. Plaintiff may be an incarcerated prisoner, but he is still a human being. A prisoner does not shed all of his constitutional rights at the prison gate. **Wolff v. McDonnell**, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d (1974) and progeny cases.

Plaintiff submits that the Defendants actions and/or inactions amount to deliberate indifference to his serious medical needs.

## CONCLUSION

Plaintiff contends that the actions and/or inactions of the Defendants in this matter indicate deliberate indifference to his serious medical needs and constitutes cruel and unusual punishment. Plaintiff submits that the failure of the Defendants to provide adequate medical care and treatment under the circumstances described indicates

18

deliberate indifference to his serious medical needs. Again, Plaintiff submits that there is

an established patter of this type treatment mandating relief.

RESPECTFULLY SUBMITTED:

JASON HACKER
#383727 OAK -4
LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA 70712

19

## DECLARATION UNDER PENALTY OF PERJURY

I   JASON HACKER, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that:

1.)   I am the Plaintiff/Petitioner in the above entitled matter and I am solely responsible for its contents.

2.   All of the allegations contained herein are **true and correct** to the best of my knowledge, information and belief.

on this 24 day of Jan , 2014.

RESPECTFULLY SUBMITTED:

**JASON HACKER**
**#383727 OAK -4**
**LOUISIANA STATE PENITENTIARY**
**ANGOLA, LOUISIANA 70712**

20

## CERTIFICATE OF SERVICE

I **JASON HACKER,** hereby certify that I have placed a copy of this 42 U.S.C. §

1983 Civil Rights Action for Declaratory and Injunctive Relief in the federal Mailbox of

the Louisiana State Penitentiary for Electronic Transfer addressed to the Clerk of Court

for the United States District Court, Middle District of Louisiana, Baton Rouge Division,

P.O. Box 2630, Baton Rouge, LA 70821 on this 24 day of ⟋⟍⟍ , 2014.

**JASON HACKER**
**#383727 OAK -4**
**LOUISIANA STATE PENITENTIARY**
**ANGOLA, LOUISIANA 70712**

**PLEASE SERVE THE DEFENDANTS AT:**

**17544 TUNICA TRACE, ANGOLA, LA 70712**

21