UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JASON HACKER

VERSUS

N. BURL CAIN, ET AL

CIVIL ACTION

NUMBER 14-63-JWD-SCR

**RULING ON MOTION TO DETERMINE THE SUFFICIENCY OF RESPONSES TO REQUESTS FOR ADMISSIONS**

Before the court is the Plaintiff's Motion to Determine the Sufficiency of Defendant's Responses to Plaintiff's Requests for Admissions. Record document number 71. No opposition has been filed.

This motion arises out of the April 19, 2015 requests for admission served by plaintiff on defendant James LeBlanc, Secretary of the Department of Corrections and Public Safety.[1] Along with the requests for admission, the plaintiff provided two exhibits, one consisting of three pages of correspondence and the other 79 pages of medical records.[2] Plaintiff stated that the purpose of the requests for admission were not only to establish the authenticity of the documents, but to also establish facts related to the plaintiff's condition, diagnosis, recommendations/dates for

---

[1] Record document number 71-2, Exhibit A, Plaintiff's First Request for Admissions Directed to Defendant James LeBlanc.

[2] Record document numbers 71-3, Exhibit B; record document number 71-4, Exhibits C.

surgery, and whether the State of Louisiana, the Louisiana Department of Public Safety and Corrections and Louisiana State Penitentiary receive federal funds. Plaintiff acknowledged that the defendant admitted Request for Admission No. 2. As to the rest, the plaintiff essentially argued that the defendant's responses failed to comply with Rule 36(a)(4).[3] Therefore, either the defendant should be ordered to provide proper answers or the requests should be deemed admitted.

Plaintiff failed to explain why requests for admission were needed to authenticate documents, when it is obvious that the correspondence and medical records he received are already certified true and correct copies.[4] Nevertheless, the plaintiff's arguments with regard to the defendant's answers to the requests for admission have merit. Given the substance of the admissions propounded, and the defendant's lack of response to this motion, there is no good reason why the defendant could not admit or deny each of the requests as required by Rule 36(a)(4).[5] In these circumstances no useful purpose would be served by ordering the defendant to serve amended answers. The appropriate remedy is to order that the matters covered by plaintiff's Requests for

---

[3]

[4] Record document number 71-3, p. 1; record document number 71-4, p. 1.

[5] Record document number 71-5, Exhibit D, Defendant James LeBlanc's Response to Plaintiff's First Request for Admissions.

Admissions 1 and 3 through 25 are deemed admitted.

Pursuant to Rule 36(a)(6), which incorporates Rule 37(a)(5), the plaintiff is awarded the reasonable expenses incurred in connection with the motion, in the amount of $300.

Accordingly, the Plaintiff's Motion to Determine the Sufficiency of Defendant's Responses to Plaintiff's Requests for Admissions is granted. Plaintiff's Request for Admission Numbers 1 and 2 through 25, propounded as Plaintiff's First Request for Admissions Directed to Defendant James LeBlanc on April 19, 2015, are each deemed admitted under Rule 36(a)(6), Fed.R.Civ.P. Plaintiff is awarded reasonable expenses in the amount of $300, to be paid by the defendant within 14 days.

Baton Rouge, Louisiana, August 27, 2015.

*Signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE