UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON HACKER | CIVIL ACTION |
| VERSUS | NO.: 3:14-00063-JWD-EWD |
| N. BURL CAIN, ET AL | |

RULING AND ORDER

## I.   INTRODUCTION

Before the Court is Defendants' Motion to Exclude Expert Testimony/Daubert Motion (Edward C Bell) ("Motion"). (Doc. 150.) This motion is opposed by Mr. Jason Hacker ("Hacker" or "Plaintiff"). (Doc. 158.) Defendants have replied. (Doc. 161.) Oral argument is not necessary. Having carefully considered the law, facts in the record, and arguments of Defendants and Plaintiff (collectively, "Parties"), the Court holds that the Motion is DENIED.

## II.   BACKGROUND

### A.   Summary of Argument

Defendants challenge the testimony of Plaintiff's expert, Mr. Edward C Bell ("Bell"), as "speculative, unreliable and nonscientific testimony [which] must be excluded" based on the principles set forth in Federal Rules of Evidence 403 and 702 and *Daubert v. Merrell Dow Pharmaceutical, Inc.*, 509 U.S. 579 (1993). (Doc. 15 at 1-2.) Defendants argue that "Bell did not perform any scientific testing or outline the methodology/reasoning he used to support his conclusion [but] [i]nstead… merely recites plaintiff's allegations and self-serving testimony as fact, without a substantive analysis or recognized, peer-reviewed methodology. Additionally, the opinions of plaintiff's expert are duplicative of other available testimony, invade the role of the

1

jury, and are more prejudicial than probative." (*Id.*) Finally, Defendants argue that because Bell is not a medical doctor, he should not be allowed to offer opinions regarding the diagnosis of Plaintiff's alleged condition or the nature of Plaintiff's vision loss. (*Id.* at 2; Doc 161 at 2.) Plaintiff argues, on the other hand, that Bell is well-qualified and his testimony is supported by both an adequate factual foundation and a valid scientific methodology. (Doc. 158 at 1-2.)

### III. DISCUSSION

#### A. Standard

Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, or education may testify in the form of an opinion or otherwise" if its preconditions are met. FED. R. EVID. 702. Rule 702, however, does not render all expert testimony admissible. *United States v Scavo*, 593 F.2d 837, 844 (8th Cir. 1979). Rather, beyond being subject to the Rule's helpfulness requirement, expert testimony can still be excluded per Rule 403. FED. R. EVID. 403; *United States v Green*, 548 F.2d 1261, 1270 (6th Cir. 1977). Entirely discretionary, Rule 403 allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

This is a *Daubert* challenge based on the expert's alleged failure to use an accepted methodology and his opinion's alleged lack of an adequate factual foundation, (Doc. 107-1 at 2). *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). When *Daubert* is invoked, a district court may, but is not required, to hold a hearing at which the proffered opinion may be challenged. *Carlson v. Bioremedi Therapeutic Sys., Inc.*, No. 14-20691, 2016 WL 2865256, at *7, 2016 U.S. App. LEXIS 8951, at *11 (5th Cir., May 16,

2016). However, when no hearing is held, "a district court must still perform its gatekeeping function by performing some type of *Daubert* inquiry." *Id.* "At a minimum, a district court must create a record of its *Daubert* inquiry and 'articulate its basis for admitting expert testimony.'" *Id.* (quoting *Rodriquez v. Riddell Sports, Inc.*, 242 F.3d 567, 581 (5th Cir. 2001)).

The role of the trial court is to serve as the gatekeeper for expert testimony by making the determination of whether the expert opinion is reliable. As the Fifth Circuit has held:

> [W]hen expert testimony is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case. . . . *Daubert* went on to make "general observations" intended to guide a district court's evaluation of scientific evidence. The nonexclusive list includes "whether [a theory or technique] can be (and has been) tested," whether it "has been subjected to peer review and publication," the "known or potential rate of error," and the "existence and maintenance of standards controlling the technique's operation," as well as "general acceptance." . . . The Court summarized:
>
> > The inquiry envisioned by Rule 702 is, we emphasize, a flexible one. Its overarching subject is the scientific validity and thus the evidentiary relevance and reliability-of the principles that underlie a proposed submission. The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate.

*Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997) (internal citations omitted).

The cases following *Daubert* have expanded the factors and explained the listing is neither all-encompassing nor is every factor required in every case. *See, e.g.*, *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997); *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Indeed, courts may look to other factors. *Joiner*, 522 U.S. at 146.

This Court has explained:

> The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, . . . which provide that the court serves as a gatekeeper, ensuring all scientific testimony is relevant and reliable. This gatekeeping role extends to all expert testimony, whether scientific or not. . . . Under Rule 702, the court must consider three primary requirements in determining the admissibility of expert testimony: 1) qualifications of the expert

3

witness; 2) relevance of the testimony; and 3) reliability of the principles and methodology upon which the testimony is based.

*Fayard v. Tire Kingdom, Inc.*, No. 09-171, 2010 WL 3999011, at *1, 2010 U.S. Dist. LEXIS 108845, at *2-3 (M.D. La. Oct. 12, 2010) (internal citation omitted) (citing to *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)).

This Court has broad discretion in deciding whether to admit expert opinion testimony. *See, e.g.*, *Joiner*, 522 U.S. at 138-39 (holding that appellate courts review a trial court's decision to admit or exclude expert testimony under *Daubert* under the abuse of discretion standard); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997) (holding "[d]istrict courts enjoy wide latitude in determining the admissibility of expert testimony"); *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998) ("Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence.").

"Notwithstanding *Daubert*, the Court remains cognizant that 'the rejection of expert testimony is the exception and not the rule.'" *Johnson v. Samsung Elecs. Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011) (citing Fed. R. Evid. 702 Advisory Committee Note (2000 amend.)). Further, as explained in *Scordill v. Louisville Ladder Grp., L.L.C.*, No. 02-2565, 2003 WL 22427981, 2003 U.S. Dist. LEXIS 19052 (E.D. La. Oct. 24, 2003) (Vance, J.):

> The Court notes that its role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system. . . . As the *Daubert* Court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." . . . The Fifth Circuit has added that, in determining the admissibility of expert testimony, a district court must defer to "'the jury's role as the proper arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.'"

4

*Id.* at *3 (internal citations omitted) (relying on, among others, *Rock v. Arkansas*, 483 U.S. 44, 61, 107 S.Ct. 2704, 97 L. Ed. 2d 37 (1987), and *United States v. 14.38 Acres of Land, More or Less Sit. In Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987))).

The Supreme Court has recognized that not all expert opinion testimony can be measured by the same exact standard. Rather, the *Daubert* analysis is a "flexible" one, and "the factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise and the subject of his testimony." *Kumho*, 526 U.S. at 150, *cited with approval in, e.g., Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002).

In that vein, the Fifth Circuit has concluded that "soft sciences," involve "necessarily diminished methodological precision" when compared to other scientific disciplines like mathematics and engineering. *United States v. Simmons*, 470 F.3d 1115, 1123 (5th Cir. 2006) (citing and quoting *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287 (8th Cir. 1997)).

> In such instances, other indicia of reliability are considered under *Daubert*, including professional experience, education, training, and observations. *See e.g.*, Because there are areas of expertise, such as the "social sciences in which the research theories and opinions cannot have the exactness of hard science methodologies", . . . trial judges are given broad discretion to determine "whether *Daubert*'s specific factors are, or are not, reasonable measures of reliability in a particular case."

*Id.* (internal citations omitted) (relying on *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 247 (5th Cir. 2002); *Jenson*, 130 F.3d at 1297; and *Kumho Tire Co.*, 526 U.S. at 153).

### B. Application

Defendants do not challenge Bell's qualifications, nor could they. Bell holds a Ph.D in Rehabilitation Education and Research from the University of Arkansas. (Doc 150-3 at 2, 9.) He

5

is the Director of the Professional Development and Research Institute on Blindness at Louisiana Tech University. (*Id.* at 9.) There, his primary responsibility is to prepare instructors to teach Orientation and Mobility, a discipline devoted to teaching blind individuals to navigate their environment in a safe and efficient manner. (Doc. 158 at 2.) He also prepares Teachers of Blind Students whose primary responsibility is to teach braille and academic skills to young people suffering from visual impairments and blindness. (Doc. 150-3 at. 9.) Bell, moreover, has published in several peer-reviewed journals. (Doc. 150-3 at 16-17.) Germane to the issues in this case, Bell acted as an expert in another case brought by a blind prisoner incarcerated at the Louisiana State Penitentiary in Angola ("LSP" or "Angola") seeking injunctive relief in the form of accommodations for his condition pursuant to the Americans with Disabilities Act of 1990 ("ADA"). (Doc. 158-1 at 24-31.). In that case, *Whitted v. LeBlanc*, 3:13-cv-640-JWD RLB (M.D. La.), a settlement agreement was reached which provided for certain accommodations to be made at the Louisiana State Penitentiary at Angola for the blind inmate-plaintiff. (Doc. 30, No. 3:13-cv-640.) That settlement agreement was approved by this Court. (Doc. 31, No. 3:13-cv-640.)

Defendants' main complaint with respect to methodology is that Bell bases his report on Plaintiff's subjective complaints made to Bell during an interview and on similar or identical complaints reflected in Plaintiff's medical records reviewed by Bell. (Doc. 150-1 at 8.) A related argument is that Bell's testimony will therefore be duplicative of Plaintiff's testimony and cumulative. (*Id.* at 9.) Thus, argue Defendants, Bell is "supplanting" the role of the jury in its mission of finding facts and assigning fault. (*Id.*) Defendants argue that, for all these reasons, Bell's testimony is more prejudicial than probative and should be excluded. (*Id.* at 10.)

6

The Court finds that these objections are without merit. Experts often rely on information, like a plaintiff's subjective complaints (whether made in an interview or as reflected in medical records), which are at issue in the case. The jury is free to accept or reject the factual foundation of an expert's opinion and, with it, the opinion itself. Indeed, this Court so instructs juries in all cases involving expert testimony and will so instruct the jury in this case, relying wholly on the Fifth Circuit's pattern charge:

> When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it

COMMITTEE ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT, PATTERN JURY INSTRUCTIONS (CIVIL CASES) 33 (2014) (Instruction 3.5). That fact does not, however, disqualify the expert or justify disallowing the expert's opinion.

Defendants also complain that Bell is not a medical doctor and therefore should not be permitted to give opinion testimony regarding medical diagnoses and medical conditions. (Doc. 150-1 at 8; Doc. 161 at 4.) The Fifth Circuit has recently reminded this and other district courts that "[a] medical degree is not a prerequisite for expert testimony relating to medicine. For example, we have held that scientists with PhD's were qualified to testify about fields of medicine ancillary to their field of research." *Carlson*, 2016 WL 2865256, at *1-2 (internal citations omitted).[1]

The Court has reviewed the expert report of Bell and believes the opinions rendered therein are within his realm of expertise. To the extent questions asked at trial are objected to as

---

[1] In *Carlson*, the Court held that the expert at issue did not "possess an advanced degree in a field of research ancillary to the fields of medicine he testified about . . . ."*Id.* at *2. Such is not the case here.

7

calling for opinions beyond this witness's expertise, the Court obviously reserves the right to rule on those objections as they are made. The Court finds that the methodology used by Bell is adequate and the information he intends to provide to the jury will help the trier of fact understand the evidence and is based on sufficient facts and data. The Court finds that the proposed testimony is not duplicative and will not invade the province of the jury.

## IV.   CONCLUSION

For the foregoing reasons, this Court DENIES Defendants' Motion to Exclude Expert Testimony/Daubert Motion (Edward C Bell), (Doc. 150).

Signed in Baton Rouge, Louisiana, on July 5, 2016.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**